UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

WILLIAM A. MILLAN SABATER,
and other similarly situated individuals,

       Plaintiffs,

v.

A.C PROMOTIONS, CORP d/b/a
AC LOGISTICS and ALEXANDER
CASTRO, an Individual,

       Defendants.
_____/

## COMPLAINT

COMES NOW, **WILLIAM A. MILLAN SABATER** (Plaintiff) and other similarly situated individuals, and file this Complaint against **A.C PROMOTIONS, CORP d/b/a AC LOGISTICS**, a Florida corporation, and ALEXANDER CASTRO ("AC Logistics" and "Castro," respectively, and "Defendants," collectively), and states:

### I.   NATURE OF THE LAWSUIT

1. This action arises out of Plaintiff's employment relationship with Defendants under the Fair Labor Standards Act, 29 U.S.C. 201 et. seq. ("FLSA"), as well as under the Employee Polygraph Protection Act, 29 U.S.C. 2001, et. seq. ("EPPA"), where Plaintiff seeks to recover money damages for unpaid overtime wages and for violations of the EPPA.

### II. JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to Title 28 U.S.C. § 1337; 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) of the FLSA; and § 2005(c) (2) of the EPPA.

1

3.      Venue is proper in Miami-Dade County, Florida because Defendants have offices and conduct business in Miami-Dade County, Florida, and because the violations referenced herein occurred in Miami Dade County, Florida.

### III. PARTIES

4.      Plaintiff is a U.S. citizen and a resident of Broward County, Florida.

5.      AC Logistics and Castro are a Florida corporation and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. Castro, upon information and belief, resides in Miami-Dade County, Florida.

6.      Castro was, and is now, the owner and officer of AC Logistics.

7.      At all times material herein, AC Logistics was and is an Employer of Plaintiff within the meaning of Section 2001(2) of the EPPA.

### COUNT I: WAGE AND HOUR VIOLATION BY AC LOGISTICS (OVERTIME)

8.      Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-7 above as if set out in full herein.

9.      This action is brought by Plaintiff and those similarly situated to recover from AC Logistics unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the FLSA states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

10. AC Logistics is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, AC Logistics operates a warehouse which sells and/or markets its services, products and/or goods to customers from throughout the United States and also provides its services for services, products and/or goods sold and transported from across state lines of other states, and AC Logistics obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of AC Logistics was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce; otherwise satisfy the FLSA's requirements.

11. By reason of the foregoing, AC Logistics is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for AC Logistics. AC Logistics' business activities involve those to which the FLSA applies. AC Logistics is a Company involved in selling furniture such as sofas, nightstands, lamps, and TVs to hotels, and refurnishing hotels and, through its business activity, affects interstate commerce. The Plaintiff's work for the AC Logistics likewise affects interstate commerce. Plaintiff was employed by AC Logistics as a warehouse worker for AC Logistics' business.

12. From approximately July 2016 to September 2016 (approximately 12 weeks), Plaintiff worked approximately 70 compensable hours per week for AC Logistics, as a laborer in AC Logistics' warehouse. When he worked these hours, Plaintiff was not compensated at the

rate of one and one half times the regular rate for the hours he worked over 40 per week. He was paid $10.00/hr.

13.  Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    a. **Actual Damages: $1,800.00**

        Calculation: $10.00/hr x .5 (overtime rate) x 30 (approximate number of overtime hours) x 12 (compensable weeks) = $1,800.00

    b. **Liquidated Damages: $1,800.00**

    c. **Total Damages: $3,600.00**, plus reasonable attorneys' fees and costs of suit.

14.  At all times material hereto, AC Logistics failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by AC Logistics to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of AC Logistics who are and who were subject to the unlawful payroll practices and procedures of AC Logistics and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

15.  AC Logistics knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with AC Logistics as set forth above, and Plaintiff

4

and those similarly situated are entitled to recover double damages. AC Logistics never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

16.  AC Logistics willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages as set forth above.

17.  Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against AC Logistics on the basis of AC Logistics' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY ALEXANDER CASTRO (OVERTIME)

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. At the times mentioned, Castro was, and is now, the Owner and/or Officer of AC Logistics. Castro was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the FLSA, in that this defendant acted directly or indirectly in the interests of AC Logistics in relation to the employees of AC Logistics, including Plaintiff and others similarly situated. Castro had operational control of AC Logistics, was involved in the day-to-day functions of AC Logistics, provided Plaintiff with his work schedule, and is jointly liable for Plaintiff's damages.

20. Castro is and was at all times relevant a person in control of AC Logistics' financial affairs and could cause AC Logistics to compensate (or not to compensate) its employees in accordance with the FLSA.

21. Castro willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with AC Logistics as set forth above.

22. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against Castro on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: EPPA VIOLATIONS BY AC LOGISTICS

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1- 22 above as if set out in full herein.

24. On or about October 3, 2016, Defendants requested that Plaintiff, and other employees, take a polygraph test (the "Test"). Defendants required Plaintiff to sign some documents relating to the Test, but Plaintiff was asked by Defendants, or their agents, not to date the documents.

25. On or about October 3, 2016, Plaintiff (and other employees) took the Test pursuant to Defendants' request. Defendants thereafter used, accepted, referred to, and inquired about the results of the Test.

26. On or about October 4, 2016, Defendants fired Plaintiff based on the results of the Test.

27. By the acts set forth above, AC Logistics violated the EPPA in the following respects:

a. By the acts set forth above in paragraphs 24-25, AC Logistics violated Section 2002(1) of the EPPA by requesting that Plaintiff take the Test and by administering such a test.

b. By the acts set forth in paragraph 25, AC Logistics violated Section 2002(2) of the EPPA by using, accepting, referring to, and/or inquiring about the results of the Test.

c. By the act set forth above in paragraph 26, AC Logistics violated Section 2002(3) of the EPPA by discriminating and/or discharging Plaintiff on the basis of the Test results.

28. Defendants engaged in the acts set forth above in wanton and reckless disregard of Plaintiffs' rights under the EPPA.

29. As a result of the acts by Defendants set forth above, Plaintiff has suffered damages for which AC Logistics is liable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment in favor of Plaintiff and against AC Logistics for all lost wages and benefits in amounts to be determined at trial, and to make Plaintiff otherwise whole.

B. Enter judgment requiring AC Logistics to reinstate Plaintiff to his former position of employment, with accrued seniority and other benefits, or, in the alternative, to award front pay, and that AC Logistics be required to expunge all references from their records of Plaintiff's termination and of the aforementioned test.

C. Enter judgment in favor of Plaintiff and against AC Logistics for compensatory damages in a sum to be determined at trial for the humiliation, embarrassment, and emotional distress consequent to Plaintiff's submission to the test, and his discharge.

D. Assess punitive damages against AC Logistics in a sum to be determined at trial.

E. Enter judgment granting Plaintiff the costs of this action and reasonable attorneys' fees.

F. For such other relief as the Court deems proper.

### JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated:  November 8, 2016.

Respectfully submitted,

By:  /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Attorneys for Plaintiff*